UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HERBERT R. COX, ) | CASE NO: 1:12-CV-2099 |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| WAL-MART, INC., *et al.*, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendants. ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge on consent of the parties. (Doc. No. 19.) Before the Court are Plaintiff's Amended Complaint and the Answer of Defendant, Huffy, Inc. ("Huffy"). (Doc. Nos. 20, 22.) Because Huffy is an Ohio corporation, there is not complete diversity of citizenship between Plaintiff and the named defendants. Accordingly, this Court lacks jurisdiction over this civil action.

**Procedural Background**

On August 15, 2012, Plaintiff, an Ohio resident, filed his original Complaint in this case, naming Wal-Mart, Inc., as a defendant. (Doc. No. 1.) On January 17, 2013, after receiving leave to do so, Plaintiff filed his Amended Complaint, in which he added Huffy as a defendant. (Doc. No. 20.) On February 7, 2013, Huffy filed its Answer to Plaintiff's Amended Complaint. (Doc. No. 24.)

**Law and Analysis**

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v, Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Congress has granted the district courts original jurisdiction in, *inter alia*, civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C.

§ 1332(a)(1). "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Furthermore, for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated." 28 U.S.C. § 1332(c)(1). Finally, it is well established that "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, ___, 130 S. Ct. 1181, 1193 (2010).

In this case, Plaintiff alleges that he "was and still is" a resident of Ohio. (Amended Complaint at ¶ 1, Doc. No. 20 at ¶ 1.)  He alleges that Huffy is a corporation incorporated under the laws of Ohio. (*Id*. at ¶ 3.)  Huffy admits as much in its response to Plaintiff's Amended Complaint. (Answer of Huffy at ¶ 3, Doc. No. 24 at ¶ 3.) Accordingly, for purposes of diversity jurisdiction, Huffy is a citizen of Ohio. As is Plaintiff.[1]  Because Plaintiff and one of his named defendants are citizens of Ohio, there is not complete diversity in this case and, thus, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/ *Nancy A. Vecchiarelli*<br>
Nancy A. Vecchiarelli<br>
U.S. MAGISTRATE JUDGE

Date: February 7, 2013

---

[1] Strictly speaking, an individual's state citizenship, for purposes of diversity jurisdiction, is not a matter of residency, but of domicile. *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id*. Here, Plaintiff provides an Ohio address, and, thus, demonstrates his physical presence in Ohio, on his Amended Complaint, and does not allege that he is domiciled – or has the intent to make his home – in any other state.